UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 23CR0185-JLS |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | Title 18, U.S.C., Sec. 371 – Conspiracy to Commit Wire and Electronic Communication Interception and Sale of Interception Devices; Title 18, U.S.C., Secs. 982(A)(2)(b), 982(b), and 2513, and Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture |
| JULIO SANTAMARIA, | |
| Defendant. | |

The United States Attorney charges:

Introductory Allegations

1. At all relevant times, Elite by Carga was part of a consortium of U.S. and Mexican companies owned by Carlos Guerrero.

2. At all relevant times, the Elite by Carga consortium sold services that included interception and unauthorized access of telephones and email accounts, including telephones and email accounts located in the United States.

3.  At all relevant times, defendant JULIO SANTAMARIA worked as a broker for the Elite by Carga consortium.

## Count 1 – Conspiracy

(18 U.S.C. § 371)

4.  Beginning on a date unknown but no later than January 2016, and continuing until in or about January 17, 2018, in the Southern District of California and elsewhere, defendant JULIO SANTAMARIA did knowingly and intentionally conspire with Carlos Guerrero and Daniel Moreno (charged separately in 22cr0280-JLS and 22cr0336-JLS) to commit offenses against the United States, to wit: a) interception of wire and electronic communications, namely, to intentionally intercept, endeavor to intercept, procure another person to intercept, and procure another person to endeavor to intercept the contents of one or more communications and the interception was done or attempted using an electronic, mechanical, and other device, and the targeted communication and communications were wire or electronic communications, in violation of Title 18, United States Code, Section 2511(1)(a); and b) sale of interception devices, namely to intentionally manufacture, assemble, possess, and sell a device, knowing and having reason to know that the design of the device rendered it primarily useful for the purpose of the surreptitious interception of wire and electronic communications, and such device and any component thereof has been or will be sent through the mail or transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 2512(1)(b).
All in violation of Title 18, United States Code, Section 371.

OVERT ACTS

5.   In furtherance of the conspiracy, the following overt acts, among others, were committed within the Southern District of California and elsewhere:

    a.   In 2016, SANTAMARIA brokered a meeting between Guerrero and Moreno and a prospective client in Southern California.

    b.   In 2016, Guerrero and Moreno separately entered the U.S. via the San Ysidro Port of Entry to attend the meeting brokered by SANTAMARIA.

    c.   In 2017, SANTAMARIA requested Moreno's assistance covertly obtaining the communications of a U.S. cellular telephone without the knowledge or authorization of the telephone's user.

    d.   In 2018, SANTAMARIA requested Moreno's assistance covertly obtaining the contents of two email accounts hosted by U.S. provider(s) without the account user(s)' knowledge or consent.

All in violation of Title 18, United States Code, Section 371.

FORFEITURE ALLEGATIONS

6.   The allegations contained in paragraphs 1 through 2 and Count 1 of this Indictment are realleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Sections 982(a)(2)(B), and 2513, and Title 28, United States Code, Section 2461(c).

7.   Upon conviction of the offense set forth in Count 1, defendant JULIO SANTAMARIA shall forfeit to the United States all rights, title and interest in any and all property, real and personal, constituting or derived from proceeds defendants obtained directly or indirectly as

the result of such violation; any property, real and personal, involved in the offense and any property traceable to such property; any personal property used or intended to be used to commit or to facilitate the commission of the violations; and any electronic, mechanical and other devices used, sent, carried, manufactured, assembled, possessed, sold or advertised in connection with the offense.

8. Pursuant to Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c) which incorporates the provisions of Title 21, United States Code, Section 853(p), the defendants shall forfeit substitute property, up to the value of the properties described above, if, as a result of any act or omission of the defendants, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of this court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 2513 and Title 28, United States Code, Section 2461(c).

DATED: February 7, 2023.

RANDY S. GROSSMAN
United States Attorney

*Sabrina L. Feve*
SABRINA L. FEVE
Assistant U.S. Attorney